**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:20-cv-01658-RM-KLM

CRAIG BOUNDY,
EXPERIAN INFORMATION SOLUTIONS, INC.,
JENNIFER SUN, and
JONES DAY,

      Petitioners,

v.

BRIAN EDMOND BATH a/k/a Brian William Wallace,

      Respondent.

---

**ORDER AND DECREE PURSUANT TO COLO. REV. STAT. § 38-35-204**

---

      The Court's Order to Show Cause re: Spurious Lien Pursuant to Colo. Rev. Stat. § 38-35-204 (the "Order to Show Cause") (ECF No. 11) came on for hearing via video teleconference as noticed on July 22, 2020, at 1:30 p.m.  Petitioners Craig Boundy, Experian Information Solutions, Inc., Jennifer Sun, and Jones Day appeared through counsel of record. Ms. Sun and Mr. Mike Rozak, a corporate representative for Experian Information Solutions, Inc., also appeared.  Respondent Brian Edmond Bath a/k/a Brian William Wallace failed to appear, and no appearances were made on Respondent's behalf.

      Having considered the Verified Petition for Order to Show Cause re: Spurious Lien Pursuant to C.R.S. § 38-35-204 (the "Petition") (ECF No. 1), the documents in support of the Petition, the other papers on file in this matter, and being fully advised in this matter, and good cause appearing therefor, it is hereby ORDERED, ADJUDICATED and DECREED as follows:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. Based on the Declaration of Darren K. Cottriel (ECF No. 13), the Court finds that Respondent received actual notice and was duly served with the Order to Show Cause, and Respondent had actual notice of the date and time of the hearing on the Order to Show Cause, but failed to appear before the Court or otherwise show cause as ordered by the Court.

2. The Court accepts the Petition and Exhibits A through R attached thereto into evidence, which include the following documents recorded by Respondent with the Colorado Secretary of State:

    a. A purported "Statutory Lien" with seven (7) attached documents, dated February 20, 2020, identified together in the Colorado Secretary of State's records as Document (or Validation) No. 20202017615 (Exhibit A to the Petition); and

    b. A purported "Statutory Lien Amendment" with five (5) attached documents, dated March 3, 2020, identified together in the Colorado Secretary of State's records as Document (or Validation) No. 20202021923 (Exhibit B to the Petition).

3. The Court finds that the evidence provides a more than adequate basis to conclude that the documents described in paragraph 2(a) and (b), above, are "spurious documents" within the meaning of Colo. Rev. Stat. § 38-35-201(3) because they "[are] forged or groundless, contain[ ] a material misstatement or false claim, or [are] otherwise patently invalid."

4. The Court also finds that the documents described in paragraph 2(a) and (b),

above, including but not limited to the documents entitled "Affidavit of Obligation" and "Affidavit of Truth," do not establish any obligation owed by Petitioners to Respondent because the purported claims are based on a belief structure not rooted in any federal or state law, and thus, these documents are spurious.

5. The Court therefore finds that the documents described in paragraph 2(a) and (b), above, in their entireties are "spurious documents" within the meaning of Colo. Rev. Stat. § 38-35-201(3).

6. The Court further finds that the evidence provides a more than adequate basis to conclude that the purported "Statutory Lien" described in paragraph 2(a) and the purported "Statutory Lien Amendment" described in paragraph 2(b), above, are "spurious liens" within the meaning of Colo. Rev. Stat. § 38-35-201(4)(a)-(c) because they "[are] not provided for by a specific Colorado or federal statute or by a specific ordinance or charter of a home rule municipality; [are] not created, suffered, assumed, or agreed to by the owner[s] of the property [they] purport[ ] to encumber; or [are] not imposed by order, judgment, or decree of a state court or a federal court." Specifically, the record before the Court establishes that the purported liens: (a) are not based upon or provided for by a specific state or federal statute, ordinance or charter of a home rule municipality, (b) are not created, suffered, assumed or agreed to by Petitioners, or any of them, to encumber their property, and (c) are not imposed by any order, judgment, or decree of any state or federal court.

7. The Court also finds that the only support for the purported "Statutory Lien" and

    the purported "Statutory Lien Amendment" are the documents described in paragraph 2(a) and (b), above, which the Court has found to be "spurious documents" within the meaning of Colo. Rev. Stat. § 38-35-201(3).

8. The Court therefore finds that the purported "Statutory Lien" described in paragraph 2(a) and the purported "Statutory Lien Amendment" described in paragraph 2(b), above, in their entireties are "spurious liens" within the meaning of Colo. Rev. Stat. § 38-35-201(4).

## ORDER AND DECREE

9. Based on the above findings of fact and conclusions of law, and pursuant to Colo. Rev. Stat. § 38-35-204(2), it is hereby ORDERED and DECREED as follows:

***Document (or Validation) No. 20202017615***

    a. The purported "Statutory Lien" dated February 20, 2020, recorded by Respondent with the Colorado Secretary of State, and identified in the Colorado Secretary of State's records as Document (or Validation) No. 20202017615, is a spurious lien as defined by Colo. Rev. Stat. § 38-35-201(4) and, therefore, is declared invalid and released.

    b. The documents attached to the purported "Statutory Lien" dated February 20, 2020, recorded by Respondent with the Colorado Secretary of State, and identified in the Colorado Secretary of State's records as Document (or Validation) No. 20202017615, are spurious documents as defined by Colo. Rev. Stat. § 38-35-201(3) and, therefore, are declared invalid and released.

    c. A certified copy of this Order may be recorded or filed in the office of any

state or local official or employee, including the clerk and recorder of any county or city and county and the Colorado secretary of state, as provided by Colo. Rev. Stat. § 38-35-204(2).

***Document (or Validation) No. 20202021923***

d. The purported "Statutory Lien Amendment" dated March 3, 2020, recorded by Respondent with the Colorado Secretary of State, and identified in the Colorado Secretary of State's records as Document (or Validation) No. 20202021923, is a spurious lien as defined by Colo. Rev. Stat. § 38-35-201(4) and, therefore, is declared invalid and released.

e. The documents attached to the purported "Statutory Lien Amendment" dated March 3, 2020, recorded by Respondent with the Colorado Secretary of State, and identified in the Colorado Secretary of State's records as Document (or Validation) No. 20202021923, are spurious documents as defined by Colo. Rev. Stat. § 38-35-201(3) and, therefore, are declared invalid and released.

f. A certified copy of this Order may be recorded or filed in the office of any state or local official or employee, including the clerk and recorder of any county or city and county and the Colorado secretary of state, as provided by Colo. Rev. Stat. § 38-35-204(2).

***Award of Costs and Reasonable Attorney Fees***

g. A monetary judgment for Petitioners' costs and reasonable attorney fees will be entered against Respondent and in favor of Petitioners as authorized and provided for under Colo. Rev. Stat. § 38-35-204(2).

5

>Petitioners are instructed to submit a declaration establishing the amount of Petitioners' costs and reasonable attorney fees incurred in connection with the spurious liens and spurious documents and these proceedings.

*Request for Injunctive Relief*

>h.  Given that the documents described in paragraph 2(a) and (b), above, appear to be the first instances in which Respondent has recorded spurious documents or spurious liens against Petitioners; and given that the Court has declared said documents invalid and released and will be entering a monetary judgment against Respondent and in favor of Petitioners pursuant to Colo. Rev. Stat. § 38-35-204(2); at this time, the Court DENIES Petitioners' request to enjoin Respondent from filing additional liens against Petitioners.

IT IS SO ORDERED.

DATED this 11th day of August, 2020.

>BY THE COURT:
>
>_____
>RAYMOND P. MOORE
>United States District Judge